*Lockett* and *Micou*, for the appellant.

---

## STILES MILLER *v.* THE FIRST MUNICIPALITY OF NEW ORLEANS.

APPEAL by the defendants, from a judgment of the Commercial Court of New Orleans, *Watts*, J., in favor of the plaintiff, for the amount claimed by him.

*Rawle*, for the plaintiff.

*Roselius*, for the appellants.

GARLAND, J. In the month of December, 1839, the Council of the First Municipality of New Orleans, passed an ordinance, directing that Custom House Street, from Royal to Franklin Streets, should be paved with blocks of wood, the work to be paid for as follows: "that on every application of the contractor, for the settlement of any portion of the paving, by him delivered to and accepted by the Surveyor, the said contractor shall be bound to receive in payment, the notes, or money to be collected from the property holders fronting on that part of Custom House Street to be paved with wooden blocks; and for the balance, the notes or bonds of the Municipality, payable in twelve months, bearing interest at six per cent per annum; it being agreed and understood, that it shall be optional with the property holders, at the completion of the work, to pay in cash, or to furnish their notes payable to the order of the Municipality, at six, and twelve months

credit, bearing interest from date, until paid, at the rate of six per cent per annum, and the Municipality to have the right of paying in cash, or in notes or bonds, bearing interest at the rate of six per cent per annum, payable in twelve months, and subject to a further renewal of twelve months, if desired by the Municipality."

Subsequent clauses of the ordinance provide for the adjudication of the contract to the lowest bidder, and the depositing of articles of agreement with the Mayor, for the inspection and information of those desiring to become bidders. Another ordinance, passed sometime after, recognizes the plaintiff as being the lowest bidder, at $3 50 the square yard, modifies the first ordinance in some unimportant particulars, and directs a written contract to be entered into with the plaintiff, which seems never to have been executed ; at least, none is shown. The contract is, therefore, to be tested by the ordinances.

The plaintiff executed the work, in a manner satisfactory to the City Surveyor, who received it from time to time. Bonds of the Municipality, for one-third of the contract price, were also received by the plaintiff, and he also received accounts against different individuals, on some of which he received money, or notes payable to the Municipality ; but as some of the property holders refused to pay in money, or to give their notes, payable as required, the plaintiff now seeks to compel the Municipality, either to give him the notes of those proprietors, endorsed as stipulated, or to pay him the amount. This demand is resisted, as the defendants allege, that it was not the duty or contract of the Corporation, to procure the money from the individual proprietors, or to get their notes ; but that the plaintiff was to do it, and to take the risk of a refusal, and the chance of compelling them to pay ; and that the receipt of the accounts, that were made out by the officer of the Municipality, shows that this was the intention of the parties. The accounts against the individual proprietors, were made out by the Treasurer of the Municipality. It is not shown that they were in favor of the plaintiff, but the evidence produces a contrary impression ; and the witness says, he does not know whether the plaintiff took the bills in payment, or whether he took them to aid in their collection. The receipt offered

Miller v. The First Municipality of New Orleans.

in evidence, does not show any thing more than that the plaintiff received of the Municipality its notes for the sum it was bound to pay, about which there is no difficulty. The sole question is, which party is bound to collect the money or notes from the individual proprietors, and to take the risk of getting them. The Municipality, by its ordinance, undertook to give the contractor a certain sum for doing certain work. To pay for it, their own notes were to be given for a portion, and the money or notes of certain individuals for the remainder. To collect this money, or to enforce the delivery of those notes, the Municipality supposed they had a legal authority; or there was an understanding, positive or implied, that if the money was not paid the notes would be given. At least the plaintiff might well suppose so. It is very certain that the plaintiff was to be compensated for his labor; and as it is shown to have been performed to the satisfaction of the officers of the corporation, they must show that he has been paid.

From the terms of the ordinance, and the fact that the notes were to be payable to, and endorsed by the Municipality, we think it clear, that the corporation intended to have the money collected, or the notes procured by its own officers. We see no intention of constituting the plaintiff an officer of the Municipality, nor any reason for it. He was doubtless anxious that the money and notes should be procured as soon as possible; but we cannot presume that he intended to release the Municipality, because he undertook to assist it in its effort to comply with its engagements. Had such been the purpose, it would have been very easy to express it in the receipt given in evidence.

*Judgment affirmed.*